BEATTY, Retired Justice.
Jackie McNeal Durbin filed a divorce complaint against her husband, Marshall B. Durbin, Jr. Thereafter, the husband had deposition subpoenas served on Emmette Lee Barran III, Brenda McNeal Hartman, and William E. Milton, and Deborah Milton, ordering them to appear for deposition and to produce certain documents. The requested documents included statements for bank accounts, savings accounts, investment accounts, etc., for the years 1995 through 1998; information on safe deposit boxes or other storage facilities; evidence of ownership of antiques, artwork, jewelry, furniture, etc., in the possession of these persons; and information on any real estate and automobiles owned or possessed by these persons.
Barran, Hartman, and the Miltons moved to quash the deposition subpoenas, contending that the requested documents were not relevant to any issue in the cause, that they pertained solely to their individual personal financial situations and were overly broad, invasive, and onerous. The husband filed a response in opposition to the motion to quash, along with affidavits outlining the need for, and relevance of, the requested documents.
Following a hearing the trial court issued an order, dated June 10, 1998, granting the motions to quash. Thereafter, the husband petitioned this court for a writ of mandamus, seeking to have the June 10, 1998, order vacated and to have the respondents comply with the deposition subpoenas. The respondents filed an answer and briefs.
The issue is whether the trial court abused its discretion when it granted the motions to quash and thereby limited the husband’s scope of discovery in the divorce case.
In In re Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228, 231-32 (Ala.1978), our supreme court stated:
“It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. Rule 26(c)[, Ala. R. Civ. P.,] recognizes, however, that the right to discovery is not unlimited, and the *1284 trial court has broad powers to control the use of the process to prevent its abuse by any party. The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters.”
(Citations omitted.)
In Drewes v. Bank of Wadley, 350 So.2d 402, 404 (Ala.1977), our supreme court stated:
“The broad scope given our discovery rules necessarily requires that the trial court be vested with considerable discretion in ruling on such matters.... The trial court is in the best position to judge such a matter and this court will not reverse the trial court unless under all the circumstances there has been an abuse of discretion.”
Having considered the briefs submitted, together with the applicable legal principles, we cannot conclude that the trial court abused its discretion when it granted the motions to quash. Consequently, the husband’s petition for a writ of mandamus is denied.
Barran, Hartman, and the Miltons’ requests for attorney fees are hereby denied. See Blankenship v. City of Hoover, 590 So.2d 245, 250 (Ala.1991).
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
WRIT DENIED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.